The opinion of the Court was delivered by
Nott, J.
The Act of Assembly of 1784.[1] P. L. 334, 1 Brev *Dig. 124, requires, that “ a commissioner of locations shall be appointed in each Circuit Court District, who shall take and receivé the original entry of all vacant lands,” &c., “for which a warrant of survey shall be demanded, and shall thereupon issue such warrant of survey, directed to some deputy surveyor, authorizing and requiring him, within two calendar months from the date of such warrant, to lay off and locate the lands directed to be surveyed ; which said warrant, when executed, together with a true and correct plat, shall be received by the said commissioner, who shall make a fair record of the same, and within three months after such return, shall- transmit the original plat to the office of the surveyor general of the State for the time being,” &c.
It is obvious, from the language of this clause of the Act, that the-warrant from the commissioner of locations, is to be considered the commission or authority by virtue of which the surveyor is authorized to-"lay off and locate” any lands for the purpose of obtaining a grant, and without such commission, his acts are unauthorized and void. This does not appear to be the necessary construction arising from this clause of the Act only ; but it appears to be consonant with the tenor and spirit of' the whole Act. In the preceding clause a preference in obtaining grants-is given to persons who had located lands prior to the 1st January, 1775, on warrants of survey legally obtained,” appearing by manifest implication to exclude those, where the surveys had not been made on such, warrants. The commissioner is also required to swear, that he will faithfully execute his office, without giving a preference to any, through favor, fear or reward ; and in what manner could he more effectually evade, or indeed violate his oath, than by certifying a survey made without any authority, if he was acquainted with the fact; it could not have been the-intention of the law, that a grant should issue on a survey which the commissioner was forbidden to certify. To guard against any imposition or fraud upon that office, the governor and ^council are required by the same Act, before issuing a grant, where an objection is made, to inquire whether there appears to have been “ any fraud or collusion” in the progress of the entry, warrant and survey. The survey in this case appears to have been unauthorized, and the certificate of the-commissioner of locations improperly obtained.
The plaintiff is therefore entitled to his grant, and this motion must, be rejected.
Colcock, Chives, G-antt, and Johnson, JJ., concurred.

 4 Stat. 590, § 3.
7 Rich. 93; 5 Rich. 268.